IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Emory W. Roberts, Jr., #373393,<br><br>   Petitioner,<br> v.<br><br>Warden Kendall,<br><br>   Respondent. | Case No. 2:22-cv-3578-RMG<br><br>**ORDER** |

  This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R & R") (Dkt. No. 5), recommending that Petitioner's habeas petition submitted pursuant to 28 U.S.C. § 2254 be summarily dismissed without requiring the Respondent to respond because Petitioner has not exhausted his available state remedies. Petitioner has filed a response in opposition to the R & R. ((Dkt. No. 8). For reasons set forth below, the Court adopts the R & R as the order of the Court and summarily dismisses this petition.

  This petition represents the third instance in which Petitioner has sought habeas relief from this Court arising out drug trafficking charges brought against him in state court. While the criminal charges were pending, Petitioner submitted a habeas petition seeking release from the Hill Finklea Detention Center, a county detention facility in Berkeley County. Subsequent to filing the petition, a Berkeley County jury convicted Petitioner of all counts and he was sentenced to 25 years imprisonment. The pending habeas petition was thereafter dismissed without prejudice as moot. *Roberts v. Lewis*, C.A. No. 2:17-453-RMG, at (Dkt. No. 57) (D.S.C. 2017)

  Petitioner subsequently sought appellate review in the state courts. The South Carolina Court of Appeals affirmed his convictions on January 29, 2020, and a petition for rehearing was denied on March 27, 2020. Petitioner's request for a writ of *certiorari* to the South Carolina

Supreme Court was denied on October 16, 2020. Petitioner then filed an application for post-conviction relief ("PCR"), which is currently pending in the Berkeley County Court of Common Pleas. *See* Case No. 2020-CP-08-1349.

Petitioner filed a second habeas petition on January 24, 2022, challenging the constitutionality of his conviction. This second petition was summarily dismissed because Petitioner had not yet exhausted his available state remedies, as required by 28 U.S.C. § 2254(b)(1). *Roberts v. Kendall*, C.A. No. 2:22-220-RMG, at (Dkt. No. 11) (D.S.C. 2022).

Petitioner's third habeas petition was filed on October 17, 2022, again raising essentially the same issues asserted in his second habeas petition. Additionally, Petitioner argued that "extraordinary circumstances" warranted federal intervention in the state court proceedings. (Dkt. No. 1). The newly filed habeas petition was assigned to a Magistrate Judge for pretrial proceedings. In the R & R now before the Court, the Magistrate Judge detailed the history set forth above and accurately stated that a state prisoner seeking habeas relief must first exhaust his available state remedies, which must include having his claims fairly presented to the highest state court. (Dkt. No. 5 at 5). The Magistrate Judge further stated that an exception existed in the exhaustion requirement under § 2254(b)(1) only where the state prisoner had no opportunity to obtain redress in state court or if the state process was so clearly deficient that any effort to pursue a state remedy would be futile. (*Id*. at 6). Since Petitioner's PCR action is still pending in state court and he has made no showing that the state processes were so deficient as to make any effort to pursue relief futile, the Magistrate Judge recommended that this Court summarily dismiss the present habeas petition without prejudice and without requiring a response from the Respondent. (*Id*. at 5-7). Petitioner filed objections to the R & R (Dkt. No. 8), and the matter is now ripe for disposition.

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight leaving the responsibility to make a final determination with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). This Court must make a *de novo* determination of those portions of the R & R where there are specific objections. Fed. R. Civ. P. 72(b)(2). Where there are no specific objections to the R & R., the Court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

The Court finds that the Magistrate Judge ably detailed the factual and legal issues present in this matter and correctly concluded that the petition is subject to summary dismissal because Petitioner has (again) prematurely filed this § 2254 petition without first exhausting his available state remedies.  Petitioner's objections reargue the issues already addressed in the R & R. Accordingly, the Court adopts the R & R as the order of the court (Dkt. No. 5) and denies Petitioner's petition.

### Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254].") A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that Petitioner's grounds for relief are procedurally barred and that no exception applies. Therefore, a Certificate of Appealability is denied.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel<br>
Richard M. Gergel<br>
United States District Judge

January 6, 2023
Charleston, South Carolina